**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
| |
| JAMES GAINES, )
| )
| **Petitioner,** )
| )
| v. ) **Civil Action No. 15-cv-13561-DJC**
| )
| OSVALDO VIDAL, )
| )
| **Respondent.** )
_____)

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                    **December 14, 2016**

## I.    Introduction

Petitioner James Gaines ("Gaines") has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C § 2254 based upon five constitutional grounds.  D. 1.  Gaines has moved to stay the Petition to allow him to return to state court and exhaust certain of his claims.  D. 21.  For the reasons set forth below, the Court DENIES Gaines's motion for stay and abeyance, id., and DENIES Gaines's petition.  D. 1.

## II.    Factual and Procedural Background

The following facts are primarily drawn from the Suffolk Superior Court's ruling on Gaines's second motion for a new trial and the Massachusetts Appeals Court's opinion on the related appeal.  On May 26, 2005, a jury in Suffolk Superior Court convicted Gaines of armed assault with intent to murder, aggravated assault with a dangerous weapon and unlawful possession of a firearm.  Commonwealth v. Gaines, No. 02-cr-11091-RJB, 2012 WL 3061155, at *1 (Mass. Super. Ct. June 1, 2012) ("Gaines I").  Gaines filed two motions for a new trial and appealed his conviction and sentence.

On May 28, 2009, Gaines filed his first *pro se* motion for a new trial based upon the grounds that he was:  (1) denied the right to a fair trial due to the factors the Superior Court (Hinkle, J.) considered in sentencing; and (2) denied the right to effective assistance of counsel.  Id. at *1 n.1. As to his sentencing, Gaines claimed that his right to a fair trial was violated when the court considered the victims' status as uniformed police officers as an aggravating factor in determining his sentence.  Commonwealth v. Gaines, No. 13-P-1155, 2014 WL 3630194, at *1 (Mass. App. Ct. July 24, 2014) ("Gaines II").  In addition, Gaines argued that his trial counsel was ineffective because counsel "opened the door to the introduction of prejudicial evidence."  Id.

In June 2011, the Superior Court granted a motion to stay the motion for a new trial and in November 2011 this stay was continued to give Gaines's newly acquired appellate counsel time to file a second motion.  Gaines I, 2012 WL 3061155, at *1 n.1.  On January 10, 2012, the court (Brassard, J.), lifted the stay because appellate counsel never filed the second motion and subsequently denied Gaines's first motion for a new trial on both asserted grounds.  Id.

On January 20, 2012, Gaines, with the assistance of counsel, filed a second motion for a new trial and resentencing.  Id.  In that motion, Gaines raised the same two grounds as those in his first motion for a new trial as well as two new grounds:  (1) that he was denied the right to a public trial pursuant to the Sixth and Fourteenth Amendments; and (2) the Massachusetts firearm statutory scheme violated his right to bear arms and right to due process.  Id. at *5, *9.  On June 1, 2012, the court declined to address the right to a fair trial and ineffective assistance of counsel claims "because the court already found: (1) the trial judge did not use an improper factor in sentencing Gaines; and (2) Gaines' trial counsel was not ineffective, these arguments will not be considered in the current motion."  Id. at *1 n.1.  As such, the court ruled solely on the two new grounds that Gaines advanced in his second motion.  Id.

In deciding the first ground regarding the right to a public trial, the court conducted an evidentiary hearing, hearing testimony from Gaines's trial attorney and friends and family, a police officer, a court officer and a recorded interview from the trial judge, and reviewed the jury empanelment procedure. Id. at *2. The court found that the trial court did not close the courtroom to the public or to Gaines's friends and family during empanelment and thus concluded that the empanelment procedure was not conducted contrary to the right to a public trial. Id. at *5-6, *9. Accordingly, Gaines was not entitled to a new trial based upon that ground, id. at *10.

As to the second ground, Gaines argued that the firearm statutory scheme that he was convicted under was "unconstitutionally burdensome and create[d] a restriction on the fundamental right to own a handgun." Id. at *9. Gaines also argued that the statutory scheme improperly shifts the burden to him to show that he had the proper license rather than to the Commonwealth to prove that he did not. Id. In rejecting these arguments, the court noted that "the right to bear arms under the Second Amendment is not unlimited" and concluded that the license requirement was constitutional and did not improperly shift the applicable burden because "the absence of a license is not an element of the crime." Id. at *9, 10. The court reasoned that the license requirement "imposes the burden of production on the defendant" and, as with any affirmative defense, the "ultimate burden of disproving a properly raised affirmative defense [is] on the prosecution." Id. (quoting Commonwealth v. Powell, 459 Mass. 572, 589 (2011); Commonwealth v. Jefferson, 461 Mass. 821, 834-35 (2012)) (internal quotation marks omitted).

**A.    The Appellate Court Affirmed the Superior Court's Denial of the Motions for a New Trial**

The Massachusetts Appeals Court affirmed the Superior Court's rulings on the motions for a new trial. Gaines II, 2014 WL 3630194, at *1. The Massachusetts Appeals Court concluded that: (1) Judge Hinkle properly exercised her discretion in sentencing and was not biased; (2) the

Superior Court properly rejected the ineffective assistance of counsel claim because Gaines did not establish that "counsel's lapse deprived him of an otherwise available defense;" (3) Gaines did not meet his burden to show that the public was excluded from his trial; and (4) the Massachusetts firearm statutes did not violate the Second and Fourteenth Amendments where the Supreme Judicial Court had previously rejected identical claims.  Id. at *1-2.  The Supreme Judicial Court subsequently denied further review.  Commonwealth v. Gaines, 469 Mass. 1109 (2014).

**B.**     **Gaines's Grounds for Relief**

In the Petition before this Court, Gaines raises five grounds for relief ("Ground(s)") and, within four of the Grounds, advances several claims ("Claim(s)"):

1.  Gaines's right to a fair trial was violated and he received an illegal sentence because: (a) Judge Hinkle improperly considered the fact that the victims were uniformed police officers as an aggravating factor; and (b) Judge Hinkle was biased against Gaines and unfairly sentenced him because the courtroom was filled with uniformed police officers during his sentencing.  D. 1 at 5.

2.  Gaines was denied effective assistance of counsel when:  (a) counsel opened the door to the admission of an unfairly prejudicial flyer that included a mugshot of Gaines; (b) counsel failed to challenge potentially biased jurors during empanelment; (c) counsel failed to inform Gaines of a plea offer; and (d) counsel failed to move to suppress illegally seized evidence.  Id. at 7.

3.  Gaines's right to a public trial was violated because Judge Hinkle ordered jury selection to be conducted "in private," at which time members of the public, specifically Gaines's family and friends, were denied entry to the courtroom.  Id. at 8.

4.  The Massachusetts firearm statutory scheme, Mass. Gen. L. c. 269, § 10(h) and c. 278, § 7:  (a) create an unconstitutional restriction of Gaines's Second Amendment right;

and (b) violate the due process clause of the Fourteenth Amendment because the statutes improperly shift the burden to Gaines to "prove his innocence." D. 1 at 10.

5. Gaines's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure were violated. Id. at 12.

## III.    Review of Habeas Petitions

### A.    Standard of Review in Habeas Cases

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court reviews Gaines's petition for a writ of habeas corpus to determine if the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Clarke v. Spencer, 582 F.3d 135, 140 (1st Cir. 2009). This standard is "'difficult to meet' because the purpose of AEDPA is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems,' and not as a means of error correction." Greene v. Fisher, __ U.S. __, 132 S. Ct. 38, 43 (2011) (citations omitted).

A state court decision is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at an opposite result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407; see McCambridge v. Hall, 303 F.3d 24, 36-37 (1st

Cir. 2002) (explaining that the Supreme Court has noted that "unreasonableness is difficult to define" but that a state court decision can be deemed unreasonable if it is "devoid of record support" or if its conclusions are "arbitrary").  Because the statute "uses the word 'unreasonable,' as opposed to 'erroneous' or 'incorrect,' a state court's application of federal law must go beyond simple error to justify issuance of the writ of habeas corpus."  Morgan v. Dickhaut, 677 F.3d 39, 46 (1st Cir. 2012) (citing Williams, 529 U.S. at 411).  The application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice."  White, 134 S. Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)).  Thus, to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011).

As to habeas relief under § 2254(d)(2), the petitioner must show that the state court's decision was based upon an "objectively unreasonable" determination of the facts.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  That is, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, . . . and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  Id.

### B.    The Exhaustion Requirement

Habeas petitioners are required to exhaust all state remedies before a federal habeas court can grant relief.  28 U.S.C § 2254(b)(1)(A); see Day v. McDonough, 547 U.S. 198, 205 (2006) (describing exhaustion as a "threshold barrier[]").  To show exhaustion, "'a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and

legal bases of [his] federal claim.'"  Conningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011) (alteration in original) (quoting Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997)).  To determine whether a petitioner "presented his or her federal claims to the state's highest court 'face up and squarely' we consider issues of probability—whether it is more likely than not that a reasonable jurist would recognize the constitutional dimensions of the petitioner's claims."  Barresi v. Maloney, 296 F.3d 48, 52 (1st Cir. 2002) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).  A petitioner may satisfy the "fair presentment" prerequisite by showing that they relied upon a specific provision of the Constitution, substantively and conspicuously presented a federal constitutional claim, specifically cited federal constitutional precedents, pinpointed a right specifically guaranteed by the Constitution or asserted a state law claim that is identical to a federal constitutional claim.  Conningford, 640 F.3d at 482.  Ultimately, the legal theory argued in the state and federal courts must be the same.  Clements, 485 F.3d at 162.

Additionally, according to the procedural default doctrine, a federal court will not review a question of federal law decided by a state court if the decision of that court rests upon an independent and adequate state law ground.  Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (explaining that the doctrine "is jurisdictional" because federal courts have "no power to review a state law determination that is sufficient to support the judgment").  A state court that bars a defendant's claims for failing to meet a state procedural requirement—such as the requirement that all grounds be raised on the first appeal, e.g., Evicci v. Comm'r of Corrs., 226 F.3d 26, 27 (1st Cir. 2000)—is considered a "state judgment [that] rests on independent and adequate state procedural grounds" and a district court should not grant relief.  See Coleman, 501 U.S. at 729-30; Brewer v. Marshall, 119 F.3d 993, 999 (1st Cir. 1997).  If a defendant is procedurally barred from bringing a claim in state court, the district court may only consider the claim, as an exception

to the procedural default doctrine, if "the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

After determining that there are unexhausted claims in a petition, in general, a district court may dismiss a mixed petition of exhausted and unexhausted claims and give the petitioner "the choice of returning to state court to exhaust his claims" or "amending or resubmitting the habeas petition to present only exhausted claims." Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, 544 U.S. 269, 274 (2005) (explaining that Rose directed the courts to dismiss mixed petitions without prejudice and that at the time Rose was decided there was no statute of limitations on habeas petitions). Alternatively, a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims, Rhines, 544 U.S. at 275, or dismiss the unexhausted claims and proceed on the merits with the exhausted claims, id. at 278. A stay and abeyance is only appropriate when the court determines that there was good cause for the petitioner's failure to exhaust his claims, that the claims have merit and that there is no indication of intentionally dilatory tactics. Id. at 277-78.

IV.     **Discussion**

A.      **Gaines Has Not Sufficiently Exhausted All of His Claims**

To determine whether a claim has been properly presented at the state court level, a federal court may look to a petitioner's application for leave to obtain further appellate review ("ALOFAR"). Josselyn v. Dennehy, No. 04-cv-10621-GAO, 2005 WL 588221, at *1 (D. Mass. Mar. 10, 2005) (citing Adelson v. DiPaola, 131 F.3d 259, 263 (1st. Cir. 1997)). In some instances,

a court may also review the pleadings and briefs that were filed in lower courts. <u>Barresi</u>, 296 F.3d at 52.[1]

### 1.    Ground 2, Claims (b)-(d), and Ground 5 Are Unexhausted

The Respondent argues, and Gaines appears to concede, that Ground 2, Claims (b)-(d), and Ground 5 have not been sufficiently exhausted in state court. D. 18 at 7-9; D. 21 at 1 (requesting the Court grant a stay and abeyance while Gaines returns to state court and exhausts the claims). As to Ground 2, Gaines did not fairly present Claims (b)-(d) in state court. <u>See</u> <u>Gaines I</u>, 2012 WL 3061155, at *1 n.1 (discussing the issues raised in Gaines's first motion for a new trial); <u>Gaines II</u>, 2014 WL 3630194, at *1 (addressing the issues raised in both motions for a new trial). In his appeal to the Massachusetts Appeals Court, Gaines only argued that—consistent with Claim 2(a)—his trial counsel was ineffective because defense counsel "opened the door" to prejudicial evidence. <u>Gaines II</u>, 2014 WL 3630194, at *1-2. Nothing in the appellate record, however, including Gaines's brief and the Massachusetts Appeals Court's opinion, indicates that Gaines advanced any other right to effective assistance of counsel claims other than the claim about opening the door to the admission of unfairly prejudicial evidence. Respondent points out that while Gaines brought all of his ineffective assistance of counsel claims in the initial, post-conviction, motion for new trial he failed to appeal the court's denial of that motion. D. 18 at 7. Thus, Gaines did not present Claims (b)-(d) of Ground 2 to the Massachusetts Appeals Court or the Supreme Judicial Court and they are, therefore, unexhausted.

Gaines cannot return to state court to exhaust Claims (b)-(d) of Ground 2 because they are procedurally barred. In Massachusetts, an appellant must present all grounds for relief on the first

---

[1] Although Gaines's ALOFAR is unavailable, the Court looks to his appellate brief that was filed with the Massachusetts Appeals Court. <u>Brief for Petitioner</u>, <u>Gaines II</u>, 2014 WL 3630194 (No. 13-P-1155), 2013 WL 7114336.

appeal or the grounds are deemed waived.  Mass. R. Crim. P. 30(c)(2) (stating that "all grounds for relief . . . shall be raised by the defendant in the original or amended motion.  Any grounds not so raised are waived"); see Commonwealth v. Randolph, 438 Mass. 290, 296 (2002).  As such, if Gaines were to return to state court to try to advance these unexhausted claims, he would be procedurally barred because he did not raise them on appeal.  See Gray v. Netherland, 518 U.S. 152, 161 (1996) (explaining that, even though the state court had not decided that the petitioner's claims were barred for procedural reasons, if it is "clear" that the claims are now procedurally barred, habeas relief cannot be granted).  In turn, the claims are procedurally defaulted before this Court.  Gaines has not otherwise demonstrated—to excuse the default—cause and actual prejudice or that he is actually innocent.  See Costa v. Hall, 673 F.3d 16, 25 (1st Cir. 2012) (explaining that "[f]ederal habeas courts do not exempt ineffective assistance of counsel claims from the general rule requiring cause and prejudice for procedural default, because to do so would render the exhaustion requirement 'illusory'") (citing Edwards v. Carpenter, 529 U.S. 446, 452 (2000)); see also Coleman, 501 U.S. at 729-30; Bousley, 523 U.S. at 622.  Indeed there is no evidence of a plea offer, see Gaines I, 2012 WL 3061155, at *1 n.2, and Gaines was not ultimately prejudiced by any alleged failure by his counsel, see id. at *1 n.1 given the weight of evidence against him, see Gaines II, 2014 WL 3630194, at *2; D. 18 at 8.  Accordingly, Claims (b)-(d) of Ground 2 are dismissed from the Petition.

As for Ground 5, Gaines did not raise any Fourth Amendment claims at the state level and such claims are also procedurally barred in state court.  In addition to these claims, in turn, being procedurally defaulted here, this Court cannot otherwise grant Gaines relief.  "[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in

an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). As long as the state procedures were "suitably crafted to test for possible Fourth Amendment violations," Sanna v. Dipaolo, 265 F.3d 1, 9 (1st Cir. 2001), it does not matter whether Gaines actually litigated his Fourth Amendment claims; he just needs to have had the opportunity to litigate the claims, Sanna, 265 F.3d at 9 (citing Caver v. Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978)). Gaines has not argued that he was not given such an opportunity and there is no indication that he was not given this opportunity. Accordingly, Ground 5 is also dismissed.

### B.     Gaines's Motion for Stay and Abeyance is Denied Because He Has Not Demonstrated Good Cause or Prejudice

Gaines moves for a stay and abeyance of his Petition to return to state court and exhaust Ground 2, Claims (b)-(d), and Ground 5. D. 21. As discussed above, regardless of whether Ground 5 is exhausted, this Court cannot grant the requested relief. While the unexhausted claims in Ground 2 are otherwise procedurally barred in state court—such that a stay to allow Gaines to return to state court would be futile—for the sake of completeness the Court addresses Gaines's motion to stay the Petition.

For a motion for stay and abeyance, Gaines must demonstrate good cause, then the Court must decide whether the claims have merit and, finally, there must be no indication of intentionally dilatory tactics. Rhines, 544 U.S. at 277-78. When an intentional decision to omit certain claims from an ALOFAR is made, it cannot amount to good cause. Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007). In addition, ineffective assistance of counsel alone does not constitute good cause. Womack v. Saba, No. 11-cv-40138-FDS, 2012 WL 685888, at *4 (D. Mass. Mar. 1, 2012).

Gaines has not sufficiently demonstrated good cause for a stay. Gaines alleges, without further support, that the ineffective assistance of "direct appeal counsel" caused his failure to exhaust all of his claims. D. 21 at 2. Even if Gaines demonstrated good cause, however,

unexhausted Claims 2(b)-(d) lack merit.  To succeed on those claims, Gaines must show that his counsel's alleged errors fell below an objective standard of reasonableness and caused him prejudice.  See Strickland v. Washington, 466 U.S. 668, 688, 693 (1984).  To prove prejudice, Gaines must demonstrate "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Costa, 673 F.3d at 26 (emphasis in original) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)) (internal quotation marks omitted).  Given the "overwhelming" evidence to find Gaines guilty beyond a reasonable doubt, Gaines II, 2014 WL 3630194, at *2, the Court does not conclude that Gaines could show prejudice here as to these allegations. Accordingly, for all of these reasons, Gaines's motion to stay is denied.

### C.    Gaines's Habeas Petition Is Denied

As for the exhausted grounds properly before the Court—Grounds 1; 2, Claim (a); 3 and 4—Gaines's Petition is denied.  As an initial matter, the Court notes that Gaines does not appear to challenge any factual findings made by the state courts and advances legal challenges in support of his Petition.  Given that there has been no showing, by clear and convincing evidence, as required under 28 U.S.C. § 2254(e)(1), that these factual findings are incorrect, this Court thus presumes them to be correct.  Id.

### 1.    Ground 1:  Right to a Fair Trial/Sentencing

As to Ground 1, Claim (a), Gaines argues that Judge Hinkle used "improper factors" in imposing the sentence by considering the victims' status as uniformed police officers.  D. 1 at 5; Gaines II, 2014 WL 3630194, at *1.  Due to those considerations, Gaines contends that he was sentenced for "crimes for which he was not charged (crimes against police officers)."  D. 1 at 5. As to Claim (b), Gaines argues that Judge Hinkle was not impartial during sentencing because the

gallery was filled with uniformed police officers and members of the media.  Id.; Gaines II, 2014 WL 3630194, at *1.

On Gaines's first motion for new trial, the Superior Court denied the motion as to both claims and concluded that Gaines's right to a fair trial under the Sixth and Fourteenth Amendments was not violated.  Gaines I, 2012 WL 3061155, at *1 n.1.  The Massachusetts Appeals Court affirmed the Superior Court's decision and noted that a trial judge is afforded "great latitude" in sentencing.  Gaines II, 2014 WL 3630194, at *1 (citing Commonwealth v. Jones, 71 Mass. App. Ct. 568, 572 (2008)).

As to Claim (a), sentencing is a question of state law and this Court does not reexamine the Massachusetts Appeals Court's determination that the Superior Court used proper factors in sentencing.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006) (explaining that federal habeas courts do not review errors of state law). This Court is limited to deciding whether "a conviction violated the Constitution, laws, or treaties of the United States."  Estelle, 502 U.S. at 68.  This inquiry rests upon whether the penalty was cruel and unusual and based upon an "arbitrary distinction that would violate the Due Process Clause."  Chapman v. United States, 500 U.S. 453, 465 (1991) (citations omitted); see Barbosa v. Norfolk Super. Ct., No. 10-cv-10159-DJC, 2011 WL 5826042, at *9 (D. Mass. Nov. 18, 2011) (applying the Chapman test for determining whether a sentence violates due process). Traditionally, "a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider."  Witte v. United States, 515 U.S. 389, 398 (1995) (internal quotation mark omitted).

The Massachusetts Appeals Court's decision as to Claim (a) was not contrary to or an unreasonable application of federal law.  Taking into consideration the victims' status as

uniformed police officers here is not an arbitrary distinction that violates the due process clause. In <u>Barbosa</u>, this Court denied habeas relief based upon the Massachusetts Appeals Court's determination that the trial court's consideration of a "broad range of information" in sentencing did not violate due process. <u>Barbosa</u>, 2011 WL 5826042, at \*9. There a defendant had his parole revoked and was resentenced based upon pending criminal charges related to violent crimes. <u>Id.</u> at \*2. This Court held that the state court's consideration of the pending criminal charges as they related to "assessing his dangerousness in the community and using that assessment in fashioning an appropriate sentence" was not contrary to or an unreasonable application of the Due Process Clause. <u>Id.</u> at \*10. Here, the state trial court's consideration of the victims' status as uniformed police officers in determining an appropriate sentence—a fact that came out during trial—is not an arbitrary distinction that violates the due process clause. Thus, the sentence the Superior Court imposed did not constitute an unreasonable application of the rule articulated in <u>Chapman</u> nor was it contrary to the Sixth or Fourteenth Amendments.

As to Claim (b)—Judge Hinkle's alleged bias in sentencing as a result of the presence of uniformed police officers and members of the media—the Massachusetts Appeals Court found no indication of a sentencing violation and affirmed the ruling that the trial judge did not go "beyond impartially considering the nature of the offenses and the circumstances surrounding [Gaines's] commission of the crimes." <u>Gaines II</u>, 2014 WL 3630194, at \*1 (internal quotation marks omitted). The Massachusetts Appeals Court's conclusion that Gaines received a fair trial when being sentenced despite the presence of uniformed police officers is not contrary to or an unreasonable application of federal law. The Fourteenth Amendment's due process clause guarantees Gaines the right to a fair trial by a fair tribunal and before a judge with no bias against him. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904-05 (1997). While a "judge who presides at a trial may,

upon completion of the evidence, be exceedingly ill disposed towards the defendant . . . the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." Liteky v. United States, 510 U.S. 540, 550-51 (1994).  To the extent that Gaines felt that Judge Hinkle was ill disposed toward him because of the presence of officers and the media that is insufficient to support a claim of bias that rose to the level of a constitutional violation.  Thus, the Massachusetts Appeals Court's decision that Judge Hinkle was impartial was not contrary to the due process clause nor was it an unreasonable application of clearly established federal law.  See Holbrook v. Flynn, 475 U.S. 560, 570-71 (1986) (concluding that the defendant was not denied the right to a fair trial when armed, uniformed police officers sat in the courtroom in a case involving allegedly dangerous defendants). Gaines is, therefore, not entitled to habeas relief as to Ground 1.

### 2.    *Ground 2:  Right to Effective Assistance of Counsel*

As to Ground 2, Claim (a), Gaines argues that his trial counsel was ineffective because he "opened the door . . . to introduce prejudicial evidence."  D. 1 at 7.  This allegedly prejudicial evidence included an "unredacted officer safety flyer," Gaines II, 2014 WL 3630194, at *1.  The flyer contained Gaines's mug shot and statements that Gaines could be armed and was previously arrested for drug dealing.  Id. at *1 n.4.  Counsel allowed the introduction of this evidence when he attempted to suggest that a witness for the Commonwealth made inconsistent statements regarding whether a police witness had knowledge prior to the shooting that Gaines was a violent person.  Id.; see D. 18 at 16.

In relying upon Commonwealth v. Saferian, 366 Mass. 89, 96 (1974)—the functional equivalent for ineffective assistance of counsel claims established in Strickland v. Washington, 466 U.S. 668, 688, 694 (1984), see Ouber v. Guarino, 293 F.3d 19, 32 (1st Cir. 2002)—the

Massachusetts Appeals Court found that, even if counsel's error amounted to deficient representation, Gaines did not make a showing of prejudice. <u>Gaines II</u>, 2014 WL 3630194, at *2; <u>Saferian</u>, 366 Mass. at 96. The Massachusetts Appeals Court explained that "[t]here was overwhelming evidence, properly admitted, from which the jury could find [Gaines] guilty beyond a reasonable doubt, including that the victims identified [Gaines] as the shooter." <u>Gaines II</u>, 2014 WL 3630194, at *2.

The standard articulated in <u>Strickland</u> is the applicable clearly established federal law, <u>Janosky v. St. Amand</u>, 594 F.3d 39, 47 (1st Cir. 2010) (citation omitted), and to bring a successful ineffective assistance of counsel claim under the Sixth Amendment Gaines must satisfy a two-prong test: "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>United States v. Constant</u>, 814 F.3d 570, 578 (2016) (quoting <u>Strickland</u>, 466 U.S. at 688, 694). Reasonableness is viewed "as of the time of counsel's conduct," <u>Strickland</u>, 466 U.S. at 690, and deficient representation does not violate the Sixth Amendment if there was no actual prejudice, <u>United States v. McGill</u>, 11 F.3d 223, 226 (1st Cir. 1993). As such, a habeas petitioner "bears a doubly heavy burden" in establishing constitutionally ineffective assistance of counsel. <u>Yeboah-Sefah v. Ficco</u>, 556 F.3d 53, 70 (1st Cir. 2009).

The Massachusetts Appeals Court's determination that Gaines was not denied effective assistance of counsel was not contrary to nor was it an unreasonable application of <u>Strickland</u>. The Court notes that Gaines has not provided any factual allegations to dispute the state court's factual determinations and this Court presumes those determinations were correct.

The Massachusetts Appeals Court's conclusion based upon the facts presented was not contrary to clearly established federal law because the Commonwealth's <u>Saferian</u> standard is

functionally equivalent to the Strickland standard; if Gaines failed to meet Saferian, he fails to meet Strickland.  See Scarpa v. Dubois, 38 F.3d 1, 7 (1st Cir. 1994) (citing Commonwealth v. Fuller, 394 Mass. 251, 256 n.3 (1985)); see Likely v. Ruane, 642 F.3d 99, 102 (1st Cir. 2011) (citing Wright v. Van Patten, 552 U.S. 120, 126 (2008)).

Additionally, the Massachusetts Appeals Court's decision was not an unreasonable application of Strickland.  Gaines has not shown how the Massachusetts Appeals Court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington, 562 U.S. at 103. Where Saferian is an established analog to Strickland, the Massachusetts Appeals Court's determination that Gaines did not demonstrate prejudice did not unreasonably apply Strickland to Gaines's case.  The Massachusetts Appeals Court reasonably applied the standard in light of the relevant facts and otherwise overwhelming evidence against Gaines.  See Gaines II, 2014 WL 3630194, at *2.  Accordingly, Gaines is not entitled to relief as to Ground 2.

### 3.   *Ground 3:  Right to Public Trial*

As for Ground 3, Gaines contends that the trial court excluded the public, more specifically his friends and family members, during jury voir dire.  D. 1 at 8.  Following the evidentiary hearings regarding Gaines's second motion for a new trial the Superior Court concluded that:  (1) Judge Hinkle's jury selection process did not exclude the public from the courtroom in the constitutional sense; (2) Gaines waived his right to public trial claims when he did not object during trial; and (3) no friends or family were actually excluded from the courtroom during the trial. Gaines I, 2012 WL 3061155, at *6-9.  The Superior Court concluded that, during jury empanelment, Judge Hinkle's statement that she would question the potential jurors in "private" was not meant to exclude the public or Gaines and that the procedure employed by Judge Hinkle

did not result in a closed courtroom.  Id. at *5-6.  Based upon the testimony at the evidentiary

hearing, the Massachusetts Appeals Court ruled that the Superior Court did not err in discrediting

the testimony by Gaines's witnesses and in determining that the courtroom was not closed in the

constitutional sense.  Gaines II, 2014 WL 3630194, at *2.  Again, Gaines has not sufficiently

challenged the Superior Court's findings of fact, so the Court presumes that determination is

correct in assessing the Sixth Amendment guarantee to a public trial.

The state court's disposition of Gaines's public trial claims is not contrary to or an

unreasonable application of clearly established Sixth Amendment law or based on an unreasonable

determination of the facts.  As the state court recognized, Gaines had a right to a public trial—

including during voir dire, Press-Enterprise Co. v. Super. Ct. of Cal., 464 U.S. 501, 505, 511

(1984); Presley v. Georgia, 558 U.S. 209, 213 (2010); United States v. Negron-Sostre, 790 F.3d

295, 301 (1st Cir. 2015).  Here, however, the state trial court, as affirmed by the Massachusetts

Appeals Court, found, after a full evidentiary hearing, that there was no closure of the courtroom

either by express order of the trial judge or otherwise during the jury selection process in Gaines'

trial.  Gaines II, 2014 WL 3630194, at *2; Gaines I, 2012 WL 3061155, at *1-9.  Given that there

has been no showing by clear and convincing evidence that such findings were incorrect, the Court

presumes them to be correct.  Moreover, given that no courtroom closure was found, the Court

cannot further conclude that the state court's determination that there was no violation of Gaines'

public trial right was contrary to or involved an unreasonable application of clearly established

federal law.  Based upon the record before the Court, habeas relief as to Ground 3 is denied.

4.    *Ground 4:  Right to Bear Arms/Due Process*

As to Ground 4, Gaines claims that the Massachusetts firearm statutes violate the Second

Amendment and due process clause of the Fourteenth Amendment.  D. 1 at 10.  Gaines asserts

that:   (a) the relevant statutes, c. 269 § 10(h) and c. 278, § 7, on their face, "create an unconstitutional onerous restriction of [Gaines's] fundamental right to own a firearm;" and (b) "violate the Due Process protections by forcing [Gaines] to prove his innocence."  Id.

As to Claim (a), in addressing the constitutionality of c. 269, § 10(h), the Massachusetts Appeals Court affirmed the Superior Court.  Gaines I, 2012 WL 3061155, at *2.  The Superior Court referred to the Supreme Court's decisions in McDonald v. Chicago, 561 U.S. 742 (2010) and District of Columbia v. Heller, 554 U.S. 570 (2008)—the clearly established federal law on the issue—where the Court explained that the Second Amendment is not unlimited and restrictions are not per se unconstitutional.  Gaines I, 2012 WL 3061155, at *9 (citing McDonald, 561 U.S. at 786; Heller, 554 U.S. at 626-27 (2008)).  In affirming the Superior Court, the Massachusetts Appeals Court cited to Commonwealth v. Loadholt, 460 Mass. 723 (2011), a case that reviewed the constitutionality of c. 269, § 10(h) in light of McDonald, and held that McDonald and Heller did not preclude states from requiring firearm licenses.  See Loadholt, 460 Mass. at 726.

The Massachusetts Appeals Court's decision regarding the constitutionality of c. 269, §10(h) was not contrary to or an unreasonable application of McDonald and Heller.  The Massachusetts Appeals Court, in relying upon Loadholt, correctly considered and applied the holdings in McDonald and Heller that firearm licensing requirements do not necessarily violate the Second Amendment.  See Gutierrez v. Ryan, No. 14-cv-11995-ADB, 2015 WL 6468283, at *3-4 (D. Mass. Oct. 1, 2015) (denying a habeas petition where petitioner's conviction under c. 269 § 10 was not a violation of the Second Amendment in light of McDonald and Heller).  Furthermore, Gaines has not argued that he attempted to obtain a firearm license, and was denied one, so an as-applied inquiry is not necessary.  Cf. Loadholt, 460 Mass. at 726 n.7 (noting that an as-applied challenge to the firearm licensing statute would also not have been successful because if the

Commonwealth denied defendant's application for a firearms license because the defendant was a felon it would have been constitutional).

Gaines further argues in Claim (b) that c. 278, § 7 and c. 269, § 10(h) violated his right to due process because the statutes forced Gaines "to prove his innocence (by showing a valid firearm license) instead of the prosecution proving him guilty beyond a reasonable doubt." D. 1 at 10. The Supreme Judicial Court has explained, however, that the "absence of a license is not an element of the crime" and since the burden to produce a firearm identification card did not go to an element of the crime, the statute did not create an unconstitutional presumption of guilt under either the Massachusetts Declaration of Rights or the Constitution. Commonwealth v. Powell, 459 Mass. 572, 582 (2011). Additionally, the burden of producing a firearm identification card is an affirmative defense to a charge of possession of a firearm without a firearm identification card and the statutory scheme maintains the "ultimate burden of disproving a properly raised affirmative defense on the prosecution." Commonwealth v. Jefferson, 461 Mass. 821, 834-35 (2012) (internal quotation marks and citation omitted).

To that point, the First Circuit has concluded that c. 278, § 7 is not contrary to the Fourteenth Amendment's due process clause and the Supreme Court has not otherwise ruled on the statute. See Powell v. Tompkins, 783 F.3d 332, 341-42 (1st Cir. 2015), cert denied, 136 S. Ct. 1448 (2016). The First Circuit explained in Powell that the decisive § 2254 inquiry is "whether the Supreme Judicial Court's decision that that the state law prescription of licensure as an affirmative defense (imposing only a burden of production, not persuasion, on a defendant) accords with procedural due process under the Federal Constitution is contrary to, or comprises an unreasonable application of, clearly established Supreme Court precedent." Powell, 783 F.3d at 341-42. The First Circuit ultimately held that there was no "objectively unreasonable legal error"

in the state court's determination that the statute was not a violation of due process.  Id. at 341.  In reaching that conclusion, the First Circuit cited Patterson v. New York, 432 U.S. 197, 210 (1977) (holding that a state is not required to "disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused") and Martin v. Ohio, 480 U.S. 228, 235-36 (1987) (holding that it is not unconstitutional for a state to place the burden of production regarding affirmative defenses on the defendant).  Moreover, there is nothing in the record, and Gaines does not allege any facts to suggest that, as applied, the statutes violate his right to due process or that he was not given an opportunity to prove his innocence through presentation of a firearm license.

In accordance with the First Circuit's decision in Powell, the Massachusetts Appeals Court's decision that c. 269, § 10(h) and c. 278, § 7 did not violate Gaines's right to due process is not contrary to or an unreasonable application of clearly established federal law.  Gaines petition is thus also denied as to Ground 4.

## V.        Certificate of Appealability

To receive a certificate of appealability and pursue further review Gaines must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  That is, Gains must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Bly v. St. Amand, 9 F. Supp. 3d 137, 164-65 (D. Mass 2014).  Considering its analysis of the record and the applicable law in this case, the Court does not, at this juncture, conclude that "reasonable jurists" could debate whether Gaines's § 2254 Petition should have been resolved differently.  As such, the Court is not inclined to issue a certificate of appealability but will give petitioner until January 4, 2017 to file a memorandum, not exceeding five pages, to address whether a certificate of appealability should be issued as to his

Petition.  If no such memorandum is received, the Court will issue notice of denial of the certificate

of appealability, pursuant to Rule 11(a) of the Rules Governing § 2254 and § 2255 Proceedings.

## VI.     Conclusion

For the foregoing reasons, the Court DENIES Gaines's motion for stay and abeyance,

D. 21, and DENIES Gaines's petition for writ of habeas corpus, D. 1.

**So Ordered.**

<u>/s/ Denise J. Casper</u>
United States District Judge